■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOLDER, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 10, 1986, convicting defendant, after jury trial, of the crime of robbery in the second degree and which sentenced him, as a second felony offender, to an indeterminate term of 4 to 8 years' imprisonment, to run consecutive to an unrelated 3-to-6-year sentence being served by defendant, unanimously affirmed.

Defendant and an accomplice robbed the complainant of his money and personal property. On cross-examination, the complainant falsely denied having spoken to the prosecutrix earlier in the day about the case. It is the People's obligation, when aware that their witness has been untruthful, to either make a statement to that effect or elicit from their witness an admission of the falsehood (People v Novoa, 70 NY2d 490, 496-497). On redirect examination, the prosecutrix adequately fulfilled this obligation by presenting leading questions to the complainant including "we discussed this case, your testimony; didn't we?" Once again on summation the People concede that this was a point on which the complainant had not told the truth.

Codefendant Green had testified that no robbery occurred but that instead the event revolved around the fact that the complainant was a disgruntled drug seller who had sold Green inferior drugs which Green would not pay for. The People elicited testimony from a rebuttal witness who testified that she had observed two men in front of the complainant point something at him while he was up against a railing. The rebuttal testimony was an offer of evidence to disprove an affirmative fact that defendant has tried to prove on direct examination. (People v Harris, 57 NY2d 335, 345, cert denied 460 US 1047.) The court did not abuse its discretion by permitting such testimony. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.